**In the Matter of Ricardo J. MENDEZ.**

**No. 880S356.**

Supreme Court of Indiana.

Nov. 2, 1981.

---

Forrest B. Bowman, Jr., Indianapolis, for respondent.

Thomas J. Opsut, Indianapolis, for Indiana Supreme Court.

PER CURIAM.

This disciplinary action is before the Court on a one-count complaint filed by the Indiana Supreme Court Disciplinary Commission. The Respondent is charged with violating Disciplinary Rules 9–102(B)(3) and (4), and Disciplinary Rules 1–102(A)(4)(5) and (6) by failing to promptly deliver proceeds to his client, by failing to account for such funds and by engaging in conduct involving deceit and dishonesty. Pursuant to Admission and Discipline Rule 23, a Hearing Officer was appointed, a hearing was held, and findings of fact have been submitted to the Court. The Respondent has petitioned for review of these findings and has filed a brief in support of such petition.

The Court, having examined all matters submitted herein, now finds that Respondent, Ricardo J. Mendez, was admitted to the Indiana Bar on May 17, 1976. He has engaged in the practice of law since the date of Admission.

On April 24, 1978, Respondent was retained to represent a party in a claim for damages against Pierponts Investment, Inc. (Pierponts) and agreed to handle the case for a contingent fee of one-third of the settlement. He negotiated a settlement with Pierponts and Pierponts' insurer issued a settlement check for $2,750.00, on April 30, 1979, payable to Respondent's client. The check was delivered to Respondent.

Upon Respondent's request, the client endorsed the check in Respondent's office on May 2, 1979, and was advised by Respondent that the check would be deposited in his trust account at Peoples Bank and Trust Company. The Respondent assured his client that when the check cleared he would send her the settlement proceeds less his one-third contingent attorney fee.

The Respondent deposited the check in his trust account on May 3, 1979. The ending balance in Respondent's trust account on that date, after the check was deposited, was $2,798.34. On May 8, 1979, the Respondent withdrew $916.00, which was the amount of his contingent fee, from the settlement proceeds. On May 11, 1979,

the Respondent withdrew $1,832.00 in cash from his trust account. The balance remaining in the Respondent's trust account on May 11, 1979 was $50.34.

From the early part of June, when she first contacted Respondent concerning her settlement proceeds, until September 18, 1979, when she filed a "Request for Investigation" with the Indiana Supreme Court Disciplinary Commission, this client contacted Respondent on seven different occasions to request her funds. On five of these occasions Respondent assured his client that the check would be mailed shortly. On the last two occasions Respondent failed to return messages left by his client. Respondent failed to pay over the proceeds until October 10, 1979, when he gave his client a personal check for $1,869.84. The check was accompanied by a letter of September 27, 1979, stating, in essence, that the check represented the client's portion of the insurance settlement plus interest and that Respondent would inform the Disciplinary Commission that the grievances had been resolved.

█ In his Petition for Review Respondent asserts that the evidence is insufficient to establish a violation of Disciplinary Rule 9–102(B)(3) which provides that a lawyer shall:

"(3) Maintain complete records of all funds, securities, and other properties of a client coming into possession of the lawyer and render appropriate accounts to his client regarding them."

It is Respondent's contention that no accounting was required in that the client did not request one to be made. We find this argument unpersuasive. The accounting requirement under this provision exists independent of any obligation of a client to make a request. Under the circumstances of this case, particularly by reason of the length of time the Respondent possessed funds belonging to his client, an accounting was in order.

█ In view of our above findings and consideration, we accordingly now further find that the Respondent failed to promptly deliver proceeds to his client, failed to prop-erly account for funds belonging to his client, engaged in conduct involving deceit and dishonesty, and engaged in conduct prejudicial to the administration of justice adversely reflecting on his fitness to practice law.

In our determination of an appropriate disciplinary sanction, we have considered the evidence and argument of record relating to Respondent's extensive gratis work for the Hispanic-American Multi-Center and many indigent clients. Professional service of this nature enhances the legal profession and brings credit to those who serve so willingly. We have weighed these considerations in our decision, but must find that Respondent's past service cannot exonerate the misconduct found under this cause. The misuse of funds belonging to the client strikes at the very core of the attorney-client relationship. Attorneys are constantly placed in the position where they must receive, hold and distribute money belonging to their clients. A person who cannot accept and honor this responsibility does not understand the nature of the fiduciary obligation underpinning the legal profession. Our disciplinary rules have been formulated to recognize this aspect of the legal practice; they are clear and specific. In the interests of the legal profession, this Court must vigorously enforce the interdiction of these rules.

Accordingly, this Court now finds that a period of suspension is warranted. It is therefore ordered that, by reason of the misconduct found under this cause, the Respondent is hereby suspended from the practice of law in the State of Indiana for a period of two years, beginning December 1, 1981.

Costs of this proceeding is assessed against Respondent.